IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| United States,<br><br>                Plaintiff,<br><br>v.<br><br>John Earle Sullivan,<br><br>                Defendant. | **RELEASE ORDER**<br><br><br>Case No. 2:21mj14-DAO<br><br>Magistrate Judge Daphne A. Oberg |

The court orders John Earle Sullivan's release in this case, based on a finding that the government did not establish a basis to hold a detention hearing. Mr. Sullivan made his initial appearance at a transfer hearing, conducted pursuant to Rule 5 of the Federal Rules of Criminal Procedure. Mr. Sullivan has been charged with federal offenses in Washington, D.C., and the Rule 5 hearing was held for purposes of transferring him there. At this hearing, the government made a verbal motion for detention and asked the court to continue Mr. Sullivan's detention hearing for three days, pursuant to 18 U.S.C. § 3142(f)(2). However, in this case, the government simply did not meet its burden of establishing any basis for a detention hearing. Because the court finds the threshold conditions under § 3142(f) have not been met, it cannot hold a detention hearing and, thus, cannot detain the defendant. Where the court cannot even hold a detention hearing, it certainly cannot delay such hearing on the government's motion—detaining the defendant all the while.

## LEGAL STANDARDS

The court can only hold a detention hearing (hence, can only detain a defendant), in cases which qualify for such a hearing under the Bail Reform Act, 18 U.S.C. §§ 3141–3150. These cases are delineated in § 3142(f). As noted by the Third Circuit, in *United States v. Himler*, the § 3142(f) "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." 797 F.2d 156, 160 (3d Cir. 1986). "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists." *United States v. Ploof*, 851 F.2d 7, 10 –11 (1st Cir. 1988). In other words, this is a "two-part inquiry." *United States v. Gerkin*, 570 F. App'x 819, 820 (10th Cir. 2014) (unpublished). "At the first step, the judicial officer must decide whether there is any basis to hold a detention hearing." *Id.* at 821. Only if the "government establishes a basis for a detention hearing," does the court move to the second step, where the government must show "'no condition or combination of conditions' that 'will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Id.* (quoting § 3142(f)).

## ANALYSIS

In this case, the government did not establish a basis for the detention hearing. When asked at the hearing on what statutory grounds the case qualified for a detention hearing, the government first began to argue dangerousness to the community—a factor the court cannot even consider unless it first finds the case qualifies for a detention hearing. The government then indicated the case qualified under § 3142(f)(2)(B). Under this provision, a case qualifies for a detention hearing if the government establishes "a serious risk that such person will obstruct or

2

attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *Id.* This is a forward-looking inquiry, requiring a showing of a serious risk the defendant will obstruct justice in the future. Although the standard of proof under this section is not well-developed, some courts have determined that where the government seeks detention under this section, it must sustain its burden of proof by "clear and convincing evidence." *See United States v. Jones*, No. 99-1682, 1999 U.S. App. LEXIS 19916, *8 (1st Cir. Aug. 9, 1999) (unpublished); *United States v. Dodge*, 846 F. Supp. 181, 185 (D. Conn. 1994).

Obstruction of justice contemplates interference in the administration of justice. For instance, a common federal criminal statute prohibiting obstruction of justice requires proof that a person endeavored to influence a juror or officer of the court in the discharge of her duties through threats or force—or endeavored to influence the due administration of justice. 18 U.S.C. § 1503. Although the government obviously need not make any statutory showing of obstruction, this overall concept of obstruction is instructive.

In this case, the government made no attempt to argue there was a serious risk Mr. Sullivan would threaten, injure, or intimidate a prospective witness or juror—or attempt to do any of these things. Instead, the government focused on the risk of obstruction. In support of its claim, the government pointed to Mr. Sullivan's alleged behavior at a riot in Utah, wherein he allegedly threatened to harm another person, while kicking her car door, and incited others to block public roadways. Mr. Sullivan was charged for participating in this riot in the state system in Utah in July 2020; these events are not charged in the federal case. The government claimed Mr. Sullivan's attempt to obstruct justice could be shown by the fact that he appeared at his

hearing in this Utah state case via internet video conference, while he was in Washington, D.C., the day before the conduct alleged in this federal case. The government argued this act showed "reckless disregard for the courts." The government also argued Mr. Sullivan incited others to resist police officers' orders to disperse in an entirely separate, unrelated, incident in Oregon. The government offered no date for this Oregon event, only asserting that it occurred "while he was facing" the riot-related charges in Utah. The government indicated it was still attempting to obtain footage related to this alleged event.

      The government's proffer simply fails to establish a *serious risk* Mr. Sullivan will obstruct justice or attempt to obstruct justice in the future. The fact that Mr. Sullivan allegedly appeared in a Utah state court proceeding via internet video conference—while in Washington, D.C., just before becoming involved in the federal offense alleged—does not stand as evidence of an attempt or willingness to obstruct justice. As Mr. Sullivan's counsel pointed out, all recent hearings in the state court system in Utah have been held via internet video conference, due to the coronavirus pandemic. The allegation that Mr. Sullivan might have incited others to resist police officers in a separate Oregon event adds little to inquiry. These allegations are insufficient to meet the government's burden of establishing § 3142(f)(2)(B) applies in this case, even by a preponderance of the evidence, let alone by clear and convincing evidence. And this was the only proffer made in support of this threshold question.

      After the court declined to continue the detention hearing on the grounds that the government failed to first establish the case even qualified for a detention hearing, the government asked the court to delay its threshold determination, but to detain Mr. Sullivan during this delay. The court invited the government to provide any legal authority allowing the

temporary detention of a defendant when the threshold for holding a detention hearing has not been met. The government declined to do so. The government also asked the court to stay its release order. The court declined to do so, finding that where the government failed to even meet the threshold for a detention hearing, it could not detain Mr. Sullivan pending the government's appeal.

## CONCLUSION

Where the government failed to establish, as a threshold matter, that this case meets the preconditions in § 3142(f) for holding a detention hearing, the court must release Mr. Sullivan. The release conditions can be found in a separate order. As stated at the hearing, the government is invited to file a detention motion in an attempt to meet its burden to establish the threshold for a detention hearing. In addition, defense counsel is invited to file any motion to amend conditions of release, if needed.

DATED this 15th day of January, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge